UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHLEEN FARNER, as Administrator of the Estate of Daniel Skonieczny, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) CASE NO: ) |
| LAKE COUNTY, INDIANA and OSCAR MARTINEZ, Individually and in his official capacity as the Lake County Sheriff, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

### COUNT I

Comes Now Plaintiff, Kathleen Farner, as Administrator of the Estate of Daniel Skonieczny, Deceased, by counsel, Julie A. Dugan of Rubino, Ruman, Crosmer & Polen, LLC, and hereby states this cause of action against Defendants Lake County, Indiana and Oscar Martinez, Individually and in his official capacity as the Lake County Sheriff as follows:

### JURISDICTION

1. This cause of action is for damages based upon violations of the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §1983.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331.

## PARTIES

3. The Estate of Daniel Skonieczny was opened on November 3, 2021 in Lake County, Indiana by the Administrator, Kathleen Farner, for the purpose of bringing this action. The Decedent was the son of Kathleen Farner.

4. Defendant Lake County, Indiana is a political subdivision of the State of Indiana.

5. Defendant Lake County Sheriff Oscar Martinez (hereinafter referred to as "Sheriff") is charged pursuant to I.C. §36-2-13-5 with taking care of the Lake County Jail and the prisoners there and was acting under the color of state law at all times relevant.

## GROUNDS FOR RELIEF

6. In September of 2021, Mr. Skonieczny was incarcerated in the Lake County Jail in Crown Point, Indiana.

7. The Lake County Jail has a history of repeatedly, deliberately and consistently disregarding known or serious risks of harm to pre-trial detainees at the Lake County Jail.

8. The Lake County Jail has a history of repeatedly failing to provide adequate medical care to address serious medical needs and have caused pre-trial detainees harm and increased unreasonable risk of harm due to, but not limited to: (1) insufficient medical staffing; (2) inadequate training relating to suicide prevention; (3) inadequate acute and chronic medical care; (4) inadequate comprehensive suicide assessments; (5) inadequate medical records; and (6) lack of

quality improvement system to monitor for and correct inadequate care and supervision relating to suicide prevention.

9. In 2010, Lake County and the Sheriff entered into a settlement agreement with the United States Department of Justice to provide for improved policies, procedures and practices at the Lake County Jail which included making comprehensive provisions for medical care, treatment and assessment for the pre-trial detainees of the Lake County Jail relating to suicide prevention.

10. Based upon the history of the Lake County Jail, Lake County and the Sheriff were to develop and implement medical care policies, procedures and practices to address and guide all medical care and services at the Lake County Jail, including but not limited to, providing adequate and timely acute care for pre-trial detainees with serious and life threatening conditions, and ensure that such care adequately addresses the serious medical needs of the inmate at the Lake County Jail, including suicide prevention.

11. That Defendants Lake County and the Sheriff agreed to ensure that the pre-trial detainees have timely and adequate access to appropriate assessments and prevention.

12. That Defendants Lake County and the Sheriff agreed to ensure that qualified medical staff were adequately trained to meet the serious medical needs of the pre-trial detainees and would assess the pre-trial detainees for new clinical findings, such as a risk of suicide.

13. That Defendants Lake County and the Sheriff agreed to ensure that qualified medical staff and correctional officers were trained to recognize and respond appropriately to medical emergencies as well as ensure that pre-trial detainees with emergency medical needs receive timely and appropriate care, including relating to suicide prevention.

14. That while in the Lake County Jail, Mr. Skonieczny required medical care and/or supervision to prevent his suicide.

15. That employees of Lake County Sheriff's Department failed to personally observe Mr. Skonieczny for lengthy periods of time; failed to identify, articulate and/or enforce suicide prevention policies; and/or failed to train officers on intake screening, monitoring detainees and suicide prevention.

16. On or about September 17, 2021, Mr. Skonieczny died as a direct result of the Defendants' deliberate indifference to his serious medical needs which was a violation of his Eighth Amendment Rights as well as denying him equal protection of the law which is guaranteed under the Fourteenth Amendment to the United States Constitution.

17. That as a direct and proximate result of the Defendants' actions as aforesaid, Mr. Skonieczny sustained loss of his life.

## CAUSES OF ACTION

18. As a result of the above, Mr. Skonieczny's Eighth and Fourteenth Amendment rights were violated due to the deliberate indifference of the Defendants.

19. That Defendants knew at the time of deprivation of Mr. Skonieczny's constitutional right that the Constitution forbids such willful deprivation of civil rights.

20. That Defendants Lake County and the Sheriff acted carelessly, negligently and with deliberate indifference in failing to appropriately train its officers on Mr. Skonieczny's right to be free from inadequate medical care and treatment while incarcerated in the face of serious medical needs.

21. That Defendants Lake County and the Sheriff acted carelessly, negligently and with deliberate indifference in failing to develop and implement medical care policies, procedures and practices to address and prevent against suicide at the Lake County Jail, including, but not limited to, providing adequate and timely acute care for pre-trail detainees with serious and life threatening conditions as well as ensuring that such care and supervision that adequately addresses suicide prevention of pre-trial detainees of the Lake County Jail.

22. That Defendants Lake County and the Sheriff permitted/adopted a widespread policy of failing to provide adequate monitoring and prevention of suicide by the pre-trial detainees of the Lake County Jail resulting in constitutional deprivation to the inmate including Mr. Skonieczny.

23. That Defendants Lake County and the Sheriff were final policy makers as it relates to the medical care policies, procedures and practices to address and guide all medical care and services at the Lake County Jail, including, but not limited to, providing adequate and timely acute care for pre-trial detainees with

serious and life threatening conditions like suicide prevention as well as ensuring that such care adequately addresses the serious medical needs of the inmate of the Lake County Jail, and continued with a policy of failing to provide adequate medical care to address serious medical needs and have caused pre-trial detainees harm and creased unreasonable risk of harm due to, but not limited to: (1) insufficient medical staffing; (2) inadequate access to medical care; (3) inadequate training on suicide prevention; (4) inadequate comprehensive health assessments relating to depression and suicide; (5) poor medication administration; (6) inadequate medical records; and (7) lack of a quality improvement system to monitor for and correct inadequate care and inadequate prevention of suicide.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Kathleen Farner, as Administrator of the Estate of Daniel Skonieczny, Deceased, demands the following relief against the Defendants, Lake County, Indiana and Oscar Martinez, Individually and in his official capacity as the Lake County Sheriff, as follows:

A. Compensatory damages for deprivation of his civil rights;

B. Punitive damages against individuals;

C. Reasonable attorney fees; together with costs and expenses of litigation pursuant to 42 U.S.C. §1988;

D. Just compensation for Plaintiff's loss of life;

E. Cost of litigation and Estate, including reasonable attorney's fees; and

F. All other just and proper relief in the premises pursuant to Federal Rules of Civil Procedure 54(c).

## JURY DEMAND

Plaintiff demands trial by jury.

    */s/ Julie A. Dugan*
JULIE A. DUGAN, #22637-45
Rubino, Ruman, Crosmer & Polen, LLC
275 Joliet Street, Suite 330
Dyer, IN 46311
(219) 322-8222
jdugan@rubinoruman.com
Attorney for Plaintiff